UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EBRAHIM ABDULMALEK ABDU
GHABESHA,

                Petitioner,

v.

ANGELA DUNBAR et al.,

                Respondents.

_____/

Case No. 1:26-cv-795

Honorable Jane M. Beckering

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11; Br. Supp. Pet., ECF No. 2.)

In an Order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the January 8, 2026, bond hearing on March 20, 2026. (Resp., ECF No. 6; Recording of Jan. 8, 2026, Bond Hearing, filed on Mar. 20, 2026.) Petitioner filed his reply on March 23, 2026, (ECF No. 7).

## II.      Relevant Factual Background

Petitioner is a citizen of Qatar who entered the United States in January 2025. (Pet., ECF No. 1, PageID.4–5; Br. Supp. Pet., ECF No. 2, PageID.14; Form I-213, ECF No. 6-1, PageID.77.) On December 12, 2025, Petitioner was detained by ICE in Detroit. (Pet., ECF No. 1, PageID.5; Form I-213, ECF No. 6-1, PageID.78.)

On January 8, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At the conclusion of the January 8, 2026 hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Court finds the Respondent is a flight risk by a preponderance of the evidence and a danger to the community by clear and convincing evidence." (Immigration Judge Order, ECF No. 2-2, PageID.27.) Petitioner appealed "the bond ruling to the Board of Immigration Appeals (BIA), challenging the flight-risk and danger findings, including the failure to account for his lawful entry, pending asylum case, lack of matching criminal history, and exculpatory local records." (Pet., ECF No. 1, PageID.5.) On February 12, 2026, the immigration judge denied Petitioner's motion for reconsideration stating that "the correct vehicle was a subsequent bond-redetermination request based on [a] material change in circumstances." (Reply, ECF No. 7, PageID.84.) Petitioner next filed a bond-redetermination request based on a material change of circumstances, which was denied on procedural grounds. (*Id.*, PageID.84–85.)

## III.     Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 8,

2026. (Pet., ECF No. 1, PageID.7; Br. Supp. Pet., ECF No. 2, PageID.17.) Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof). Petitioner contends that the immigration judge improperly found that Petitioner was a flight risk using a preponderance of the evidence standard. However, Petitioner acknowledges that the immigration judge used a clear and convincing evidence standard as to dangerousness. Petitioner argues that the record before the immigration judge was incomplete; thus, the finding of dangerousness was incorrect. (Pet., ECF No. 1, PageID.7–9; Br. Supp. Pet., ECF No. 2, PageID.17–18.)

Respondent must prove by clear and convincing evidence *either* that Petitioner is a flight risk *or* that Petitioner is a danger to the community for Petitioner not to receive bond.  Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, while the immigration judge used an improper burden of proof in reaching the flight-risk finding, the immigration judge used the proper burden of proof in finding Petitioner was a danger to the community, and the immigration judge further found that Petitioner is a danger to the community. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      April 23, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge

3